IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ASSOCIATION OF UNIT OWNERS OF
EAST VILLAGE AT ORENCO
STATION, A CONDOMINIUM, an Oregon
nonprofit corporation, on behalf of itself
and all others similarly situated,                                    Case No. 3:11-cv-1169-HZ

            Plaintiff,

                                            OPINION & ORDER

     v.

UPONOR INC., a foreign corporation, UPONOR
WIRSBO COMPANY, a foreign company,
WIRSBO COMPANY, a foreign company,
DOE MANUFACTURING
COMPANIES 1-20, and DOE
DISTRIBUTING COMPANIES 1-20

            Defendants.

Angela R. Bagby
Dean E. Martin
Nathaniel L. Funk
BARKER MARTIN
319 SW Washington Street, Suite 420
Portland, OR 97204

1 - OPINION & ORDER

Attorneys for Association of Unit Owners of East Village at Orenco Station, a
Condominium

Howard L. Lieber
Joshua J. Whiteside
Paul J. Vames
GROTEFELD HOFFMAN SCHLEITER GORDON & OCHOA, LLP
311 S. Wacker Drive
Chicago, IL 60606

Attorneys for Uponor Inc.

HERNANDEZ, District Judge:

Association of Unit Owners of East Village at Orenco Station, "an association and the

governing body of the owners of 210 single-family residences [at] . . . East Village at Orenco

Station [("Condominium")], located in Washington County, Oregon[,]" filed this action against

Uponor, Inc.  Second Am. Compl., p. 3.  Plaintiff seeks a putative state class action on behalf of

all property owners in Oregon allegedly damaged by Defendant's defective plumbing products.

Plaintiff alleges that Defendant's yellow brass components improperly dezincified when exposed

to water and damaged Plaintiff's property.

Defendant filed a motion to dismiss (dkt. #55) for lack of standing under 12(b)(1) of the

Federal Rules of Civil Procedure ("Rule"), improper venue under Rule 12(b)(3), and failure to

state claim under Rule 12(b)(6).  Defendant also filed a motion to strike (dkt. #55) Plaintiff's

class action allegations under Rule 12(f) and filed a request for judicial notice ("RJN") (dkt.

#57).[1]  On October 1, 2013, I held oral argument to hear Defendant's motions.  I indicated at oral

argument that Defendant's motion to dismiss would likely be denied based on the fact that there

was a related putative national class action pending before the United States District Court for

---

[1] Defendants' RJN requests that I take judicial notice of (1) the complaint filed in George v.
Uponor, Inc., et. al., 0:12-cv-00249, an action pending before the United States District Court for
the District of Minnesota; (2) the pretrial scheduling order in George; and (3) "[r]epresentative
samples of the Uponor Limited Warranty."  RJN, p. 2.

the District of Minnesota.  Defendants then raised for the first time at oral argument that this case should be transferred to the United States District Court for the District of Minnesota pursuant to 28 U.S.C. § 1404(a) ("§ 1404").[2]  I allowed Defendant to file a motion to transfer pursuant to § 1404 and set forth a schedule for the parties' briefings.

Now before me is Defendant's motion to transfer (dkt. #75) this case to the United States District Court for the District of Minnesota under § 1404.  For the reasons that follow, I GRANT Defendant's motion to transfer.

## BACKGROUND

On January 31, 2012, a putative national class action, George v. Uponor, Inc., et. al., 0:12-cv-00249, was filed in the United States District Court for the District of Minnesota against Defendant based on nearly identical facts as those alleged here.  As alleged in Plaintiff's Second Amended Complaint, the complaint in George alleges that Defendant's brass fittings dezincified when exposed to water and damaged plaintiffs' properties.  See Def's. Mem., Ex. A, pp. 1-5. Between February 2012 and April 2013, six putative state class actions arising out of Defendant's alleged defective brass fittings were filed against Defendant in six different federal district courts.  The complaints in Overstreet v. Uponor, Inc., et al., 0:13-cv-00323, and Gasway v. Uponor, 0:13-cv-00803, allege violations of California law and were filed in California on behalf of California property owners; the complaint in Patel v. Uponor, Inc., et al., 12-cv-01882, alleges violations of Texas law and was filed in Texas on behalf of Texas property owners; the complaint in Gibbs, et al. v. Uponor, Inc., et al., 12-cv-02631, alleges violations of Arizona law and was filed in Arizona on behalf of property owners in three Arizona counties; the complaint in Shons, et al. v. Uponor, Inc., et al., 12-cv-02837, alleges violations of Oklahoma law and was

---

[2] 28 U.S.C. § 1404(a) provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought."

filed in Oklahoma on behalf of Oklahoma property owners; and the complaint in <u>Fofi, et al. v.</u>

<u>Uponor, Inc., et al.</u>, 12-cv-02908, alleges violations of Pennsylvania law and was filed in

Pennsylvania on behalf of Pennsylvania property owners.  <u>See</u> Def's. Mem., Ex. B, pp. 1-5; <u>see</u>

<u>also</u> <u>George v. Uponor, Inc.</u>, 290 F.R.D. 574, 576 (D. Minn. 2013).

**STANDARD**

"Under § 1404(a), the district court has discretion to adjudicate motions for transfer

according to an individualized, case-by-case consideration of convenience and fairness."  <u>Jones</u>

<u>v. GNC Franchising, Inc.</u>, 211 F.3d 495, 498 (9th Cir. 2000) (citation and internal quotation

marks omitted).  "A motion to transfer venue under § 1404(a) requires the court to weigh

multiple factors in its determination whether transfer is appropriate in a particular case."  <u>Id.</u>  The

court may consider the following factors when determining whether to transfer venue:

> (1) the location where the relevant agreements were negotiated and executed, (2)
> the state that is most familiar with the governing law, (3) the plaintiff's choice of
> forum, (4) the respective parties' contacts with the forum, (5) the contacts relating
> to the plaintiff's cause of action in the chosen forum, (6) the differences in the
> costs of litigation in the two forums, (7) the availability of compulsory process to
> compel attendance of unwilling non-party witnesses, and (8) the ease of access to
> sources of proof.

<u>Id.</u> at 498-99 (citations omitted).

"[T]he presence of a forum selection clause" and "the relevant public policy of the forum

state" are "significant factor[s]" in the court's § 1404(a) analysis.  <u>Id.</u> at 499.  A motion for

transfer lies within the broad discretion of the district court.  <u>E.g.</u>, <u>Stewart Org., Inc. v. Ricoh</u>

<u>Corp.</u>, 487 U.S. 22, 29 (1988) ("Section 1404(a) is intended to place discretion in the district

court to adjudicate motions for transfer according to an individualized, case-by-case

consideration of convenience and fairness.") (Citation and internal quotation marks omitted).

/ / /

## DISCUSSION

The record before me favors transfer to the United States District Court for the District of Minnesota. Plaintiff raises a number of factors in support of its position that this case should not be transferred. I address each factor below.

## I. Where the Case "Might Have Been Brought"

Plaintiff concedes that this case "might have been brought" in Minnesota and that venue is proper there. Resp., p. 6. I agree.

Defendant is a corporation with its principal place of business is in Minnesota; its sales, marketing, engineering, and finance personnel are all located in Minnesota; its headquarters is in Minnesota; monies paid to Defendant are received in Minnesota; and Defendant designed and marketed its allegedly defective brass fittings in Minnesota. Def's. Mem., Ex. C, pp. 2-3. Based on the above, I conclude that this case "might have been brought" in Minnesota and that venue is proper in Minnesota.

## II. Plaintiff's Choice of Forum

"In judging the weight to be accorded [a plaintiff's] choice of forum, consideration must be given to the extent of both [plaintiff's] and the [defendant's] contacts with the forum, including those relating to [plaintiff's] cause of action." Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987) (citation omitted). Generally, a plaintiff's choice of forum receives deference in a motion to transfer venue. See Decker Coal Co. v. Commonw. Edison Co., 805 F.2d 834, 843 (9th Cir. 1986) (citations omitted). In putative class actions such as here, however, a plaintiff's choice of forum is accorded less weight. Lou, 834 F.2d at 739 ("Although great weight is generally accorded plaintiff's choice of forum . . . when an individual . . . represents a class, the

named plaintiff's choice of forum is given less weight."); see also Yung Kim v. Volkswagen
Group of Am., Inc., Nos. C 12-1156 CW, C 12-2177 CW,  2013 WL 1283399, at *2 (N.D. Cal.
2013) ("when an individual brings a derivative suit or represents a class, the named plaintiff's
choice of forum is given less weight") (emphasis in original); Johansson v. Central Garden & Pet
Co., No. C 10-03771 MEJ, 2010 WL 4977725, at *2 (N.D. Cal. 2010) ("[a]lthough great weight
is generally accorded plaintiff's choice of forum, when an individual brings a derivative suit or
represents a class, the named plaintiff's choice of forum is given less weight") (citations
omitted); Papaleo v. Cingular Wireless Corp., No. C-07-1234 MMC, 2007 WL 1238713, at *1
(N.D. Cal. 2007) (concluding "plaintiffs' choice of forum [was] entitled to 'less weight' than that
to which it might otherwise be entitled, because plaintiffs [sought] to proceed on behalf of a
nationwide class of defendants' customers"); Roling v. E*Trade Sec., LLC, 756 F. Supp. 2d
1179, 1185 (N.D. Cal. 2010) ("In class actions, . . . a plaintiff's choice of forum is often accorded
less weight."); Foster v. Nationwide Mut. Ins. Co., No. C 07-04928 SI, 2007 WL 4410408, at *2
(N.D. Cal. 2007) ("In class actions, . . . a plaintiff's choice of forum is often accorded less
weight.") (Citations omitted).

Because Plaintiff brings this case as a putative state class action, I accord less weight to
Plaintiff's choice of forum.  See, e.g., Lou, 834 F.2d at 739.  I also accord Plaintiff's choice of
forum less weight because six other putative state class actions filed against Defendant arising
out of nearly identical facts have already been transferred to the United States District Court for
the District of Minnesota and consolidated with George.  Def's Mem., Ex. B, pp. 1-5.  In
addition, I find that Plaintiff's choice of forum deserves less deference because Defendant has
relatively limited contacts with Oregon.  Defendant represented at oral argument on October 1,
2013, that it does not manufacture the brass fittings that allegedly harmed Plaintiff, but only sold

the fittings through distributors that distributed the fittings to consumers in various states, including Oregon.  In light of the above, I conclude that Plaintiff's choice of forum is given less deference and favors transfer.

**III. Convenience of the Parties and Witnesses and Cost of Attendance of Willing Witnesses**

"The convenience of witnesses is often the most important factor considered by the court when deciding a motion to transfer for convenience."  Kannar v. Alticor, Inc., No. 08-5505, 2009 WL 975426 (N.D. Cal. 2009) (citation and internal quotation marks omitted).  "In balancing the convenience of the witnesses, primary consideration is given to third part[ies], as opposed to employee witnesses."  Id.  "The party seeking transfer must clearly specify the key witnesses to be called and make a general statement of their testimony."  Vandeveld v. Christoph, 877 F. Supp. 1160, 1168 (N.D. Ill. 1995) (citation omitted).

Plaintiff contends that transfer is not proper because Defendant fails to identify the employees who will testify in Minnesota, Defendant can find expert witnesses anywhere, and it would be a substantial burden on members of Plaintiff's Board of Directors to testify in Minnesota since they only work in a volunteer capacity.  Plaintiff also contends that transferring this case to Minnesota would merely shift the burden of inconvenience between the parties.

Although Defendant identifies prospective witnesses who will testify,[3] Defendant only states that "the likely testimony of each witness is clear from their titles[.]"  Reply, p. 4.  Such a statement is insufficient.  On the other hand, Plaintiff does not identify who its witnesses will be, let alone what they will testimony about.  The mere fact that members of Plaintiff's Board of Directors serve in a volunteer capacity does not, by itself, establish that it would be a substantial

---

[3] Defendant states that it expects testimony from (1) Brad Beckman, the Vice President of Finance; (2) Keith Clasen, the Director of Product and System Development Engineering; (3) Rich Houle, the former Associate Product Manager; (4) Chris Sellner, the Commodity Specialist; and (5) Scott Bates, the manager of Supplier Quality.  All of the above potential witnesses reside in Minnesota, except for Houle, who lives in Tennessee.

burden for members of Plaintiff's Board of Directors to litigate in Minnesota. Based on the above, I conclude that this factor is neutral.

**IV. Ease of Access to Sources of Proof**

Defendant argues that this factor weighs in favor of transfer because its records and documents are in Minnesota and Plaintiff has already replaced all the alleged defective brass fittings in the Condominium and moved them to a storage facility located in the state of Washington. Plaintiff concedes that it has replaced all the alleged defective brass fittings in the Condominium and transported them to Washington, but asserts that Washington is closer to Oregon than Minnesota. Plaintiff also asserts that even though Defendant's documents are located in Minnesota, Defendant can easily transport them to Oregon or deliver them electronically. Plaintiff further asserts that this case should not be transferred because it is possible that the "court or jury may want to access the Condominium" at some point during the trial. Resp., p. 11. Finally, Plaintiff maintains that Defendant's position is untenable because Defendant does not provide any evidence that its records and documents are actually located in Minnesota.

Although Defendant does not provide any evidence that its records and documents are actually located in Minnesota, it is reasonable to assume that because Defendant's headquarters are in Minnesota, many of its records and documents are also located there. More important, because George and six putative state class actions have all been consolidated in Minnesota, much of the evidence related to this case will already be in Minnesota. The ease of access to evidence resulting from consolidating eight related actions against the same Defendant in a single venue outweighs the concerns raised by Plaintiff. This factor weighs in favor of transfer. / / /

**V. Amenability of Unwilling Witnesses to Service of Process**

Plaintiff argues that because Defendant does not identify any unwilling witnesses to service of process, "it is impossible for this Court to determine whether [such witnesses] are amenable to service of process" and is "impossible for [Plaintiff] to properly respond to [Defendant's] contentions." Id., p. 14. This factor is simply not applicable under the circumstances and does not weigh in either of the parties' favor.

**VI. Relation to Community**

Plaintiff asserts that Oregon has a much stronger interest in resolving the present matter than Minnesota because this case may involve thousands of property owners in Oregon. While Oregon may have an interest in protecting property owners from being harmed by defective products, Minnesota also has an interest in preventing companies headquartered there, such as Defendant, from breaching warranties and marketing and distributing defective products. The parties' positions offset each other. Accordingly, this factor is neutral.

**VII. Accessibility of Premises Involved in Litigation**

Plaintiff asserts that because "[t]he Condominium is located . . . mere miles from th[e] Court[,] . . . to the extent that access to the Condominium would be necessary" makes Oregon a more convenient forum than Minnesota. Id., p. 15. Plaintiff's speculation that this Court or a jury may need to access the Condominium simply does not support a denial of transfer in this instance.

**VIII. Relative Congestion of Court Dockets and Familiarity with Oregon Law**

Plaintiff contends that a comparison of the congestion between Oregon's and Minnesota's dockets and this Court's familiarity with Oregon law weigh against transfer. I disagree.

**A. Relative Congestion of Court Dockets**

The congestion of court dockets does not favor transfer.  Plaintiff presents evidence showing that 16.1% of the cases in the United States District Court for the District of Minnesota are more than three years old in comparison to only 4.5% in the United States District Court for the District of Oregon.  Plaintiff, however, also presents evidence showing that the median months from filing to disposition is significantly less in the United States District Court for the District of Minnesota than in the United States District Court for the District of Oregon–5.6 months versus 10.2 months, respectively.  The judicial statistics proffered by Plaintiff offset each other and do not favor either of the parties.

**B. Familiarity with Oregon Law**

Plaintiff argues that this case would be resolved quicker if it remains in Oregon because it has already filed its motion for class certification and the parties in this action have already engaged in discovery whereas the plaintiffs in <u>George</u> have not yet filed their motions for class certification or participated in discovery.  Plaintiff also asserts that the fact that six other putative state class actions have been consolidated with <u>George</u> "is not material because [they] . . . were transferred voluntarily" and that transferring this case would not result in "efficiencies" because its claims arise under Oregon law and because Oregon water affects Defendant's brass fittings differently than water in other states.  <u>Id.</u>, pp. 18-19.  Plaintiff's arguments fail.

The fact that Plaintiff's claims arise under Oregon law and not Minnesota law does not, by itself, make transfer improper.  <u>See, e.g.</u>, <u>Hawkins v. Gerber Prods. Co.</u>, 924 F. Supp. 2d 1208, 1216 (S.D. Cal. 2013) ("courts in [one state] are fully capable of applying [another state's] substantive law") (citation and internal quotation marks omitted).  Moreover, all of the seven cases in <u>George</u> arise out of nearly identical facts as those alleged here.  Accordingly,

consolidating this action with those related actions would help to consolidate the overall discovery between these eight related cases, result in overall timesaving, be more convenient for all the witnesses and parties, and minimize the risk of inconsistent findings and judgments between this Court and the court in Minnesota.  Furthermore, the fact that the parties in the six other putative state class actions have already stipulated to transfer under § 1404 goes against Plaintiff's position that this case should proceed separately.  This factor favors transfer.

## IX. Defendant's Inconsistent Arguments in <u>Winters</u> and <u>Gibbs</u>

Lastly, Plaintiff contends that Defendant's motion to transfer should be denied because Defendant previously argued in <u>Winters v. Uponor, Inc., et al.</u>, 3:12-cv-00116, and <u>Gibbs</u>, cases filed in the United States District Court for the District of Nevada and the United States District Court for the District of Illinois, respectively, that those venues were more convenient than Minnesota.[4]  I am not persuaded by Plaintiff's argument.

The fact that it may have been more convenient for Defendant to have litigated in Nevada and Illinois rather than Minnesota is irrelevant to whether it would be more convenient for the parties here to litigate in Oregon than in Minnesota.  Furthermore, the fact that <u>Gibbs</u> and five other related putative state class actions were ultimately been transferred to Minnesota pursuant to § 1404 goes against having this case proceed independently.

## X. The Pendency of Related Actions in Another District

As discussed above, a putative national class action and six putative state class actions arising out of similar facts to those alleged here have all been consolidated and are now pending in one single action before the United States District Court for the District of Minnesota.  Such circumstances, weigh heavily in favor of transfer.  As discussed above, transferring this case and consolidating it with the seven related putative class actions would consolidate the overall

---

[4] The dispute in <u>Winters</u> has been settled.

discovery of these related cases; conserve time, energy, and judicial resources; and reduce the

risk of inconsistent findings and rulings.  See A.J. Indus., Inc. v. U.S. Dist. Court for Cent. Dist.

of Cal., 503 F.2d 384, 389 (9th Cir. 1974) ("the pendency of an action in another district is

important because of the positive effects it might have in possible consolidation of discovery and

convenience to witnesses and parties") (citation omitted); see also Cont'l Grain Co. v. Barge

FBL-585, 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases involving precisely

the same issues are simultaneously pending in different District Courts leads to the wastefulness

of time, energy and money that § 1404(a) was designed to prevent.").

In sum, when balancing the above factors, I conclude that the convenience of parties and

witnesses and the interest of justice weigh heavily in favor of transfer.

## CONCLUSION

Defendant's motion to transfer (dkt. #75) is GRANTED.

IT IS SO ORDERED.

Dated this 13 day of Dec , 2013.


MARCO A. HERNANDEZ
United States District Judge

12 - OPINION & ORDER